963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. OLDHAM; Catherine L. Oldham, husband and wife,
d/b/a Oldham Associates, Appellants,
v.
Janice MORRIS; Janice Pensula, Appellees.
In re Catherine L. OLDHAM; Gary W. Oldham, Debtors.
Gary W. OLDHAM; Catherine L. Oldham, husband and wife,
d/b/a Oldham Associates, Appellants,
v.
Janice MORRIS; Janice Pensula, Appellees.
 Nos. 89-35642, 89-35724.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 19, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Oldham appeals the district court's decision affirming the bankruptcy court's rulings that the debts owed to Janice Pensula and to Janice Morris were nondischargeable under 11 U.S.C. § 523(a)(2)(A) (1979 and Supp.1991). We have jurisdiction under 28 U.S.C. § 158 (Supp.1992) and affirm the district court's decision.[1]
 
 
 3
 Debt obtained by fraud is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(2)(A). Under section 523(a)(2)(A), a party claiming nondischargeability must show fraud by proving five factors by clear and convincing evidence. The bankruptcy court found that Pensula and Morris satisfied their burden of proof. The district court reviewed the bankruptcy court's findings for clear error, and found none.
 
 
 4
 On appeal, we review the district court's findings for clear error. In re Houtman, 568 F.2d 651, 655 (9th Cir.1978). We do not find that the application of section 523(a)(2)(A) was clearly erroneous, and affirm the district court's holding that Gary Oldham's debts to Pensula and Morris's were not dischargeable in bankruptcy.[2]
 
 
 5
 Pensula and Morris request that we award attorney's fees against Gary and Catherine Oldham for this appeal based on provisions in the promissory notes signed by Oldham. In turn, Gary Oldham requests an award of attorney's fees in the event that we find in his favor on the merits of the dischargeability claim.
 
 
 6
 Both the bankruptcy and district courts properly awarded attorney's fees to Pensula and Morris. We find that Pensula and Morris are also entitled to recover their attorney's fees for this appeal. Accordingly, we deny Oldham's request for attorney's fees.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir. Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that counsel for the Oldhams failed to provide a statement of jurisdiction in their opening brief. See Ninth Cir.R. 28-2.2
 
 
 [2]
 Counsel for Gary and Catherine Oldham assert that the parties to this appeal stipulated to a discharge of the debts of Catherine Oldham. The district court file for this case is not available and the excerpts do not confirm that such a stipulation was made. Pensula and Morris do not contest this, so we assume that such a stipulation does exist